**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

JOHN DEHN,

*Plaintiff*,

**CASE NO:**

-vs-

CREDIT MANAGEMENT, LP,

*Defendant.*

**PLAINTIFF'S ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL**

Comes now Plaintiff, JOHN DEHN, and files this Original Complaint, complaining of Defendant, CREDIT MANAGEMENT, LP, and in support thereof would respectfully show as follows:

**JURISDICTION AND VENUE**

1. Plaintiff brings this action to recover statutorily prescribed damages for acts on the part of Defendant CREDIT MANAGEMENT, LP, (hereafter "CREDIT MANAGEMENT'), in violation of 47 U.S.C. § 227, *et seq*., the Telephone Consumer Protection Act of 1991 (hereafter "TCPA"); the Texas Debt Collection Practices Act, Tex. Fin Code § 392, et seq. (hereafter "TDCA"); and the Kansas Consumer Protection Act, K.S.A. 50-623, *et seq.* (hereafter "KCPA").

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 as this case presents a federal question, and supplemental jurisdiction under 28 U.S.C. § 1367 for the related state law claims.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that this is the judicial district in which the Defendant is located.

## PARTIES

4. At all times material hereto, Plaintiff is and was a resident of the State of Kansas and a citizen of the United States of America.

5. At all times material hereto, Defendant was and is a Foreign Limited Partnership organized and existing under the laws of the state of Nevada and may be served with process by serving its registered agent CT Corporation System at 1999 Bryan Street, Suite 900, Dallas, TX 75201.

## FACTUAL ALLEGATIONS

6. Plaintiff is and was at all material times a "consumer" as the term is defined by 15 U.S.C. § 1692a(3) and TDCA Tex. Fin Code § 392.001 (1).

7. Plaintiff is the "called party" with respect to the cellular telephone calls described herein. See In re Rules and Regulations Implementing the TCPA of 1991, Declaratory Ruling and Order, CG Docket No. 02–278, WC Docket No. 07–135, FCC 15–72, ¶ 73, 2015 WL 4387780 (July 10, 2015) ("2015 FCC Order"), Soppet v. Enhanced Recovery Co., LLC, 679 F.3d 637, 643 (7th Cir. 2012).

8. At all material times, Defendant sought to collect an alleged debt from Plaintiff that arose from a transaction incurred for personal, family or household purposes, and was therefore operating as a "debt collector" as that term is defined by the TDCA, Tex. Fin Code TDCA §392.301 (6).

9. Defendant is a "supplier" as that term is defined by K.S.A. 50-624(l).

10. In or about October of 2015, Defendant began its campaign of collection calls to Plaintiff's cellular telephone number, (620) 640-████ in an effort to collect a debt allegedly owed

by Plaintiff, and which Plaintiff does not owe. Plaintiff's caller ID reflected that the Defendant's calls originated from the number (855) 657-8580.

11. Upon answering the initial call, Plaintiff spoke to Defendant's representative and instructed Defendant that he did not owe the alleged debt, asked them to take him off its calling list and demanded that Defendant not call him again on his aforementioned cellular telephone number.

12. Despite Plaintiff demanding that Defendant remove him from its calling list and stop placing calls to his aforementioned cellular telephone number, Defendant continued its campaign of harassing debt collection calls to Plaintiff's aforementioned cellular telephone number in an effort to collect the described alleged debt.

13. On several occasions, Defendant would place calls to Plaintiff's aforementioned cellular telephone number and hang up either prior to or as soon as Plaintiff or Plaintiff's voicemail answered the call.

14. Defendant intentionally harassed and abused the Plaintiff on numerous occasions by and through its agents and representatives, including but not limited to calling several times during one day and on back to back days, with such frequency as can reasonably be expected to harass the Plaintiff, even after Plaintiff repeatedly told Defendant's representatives to stop calling.

15. To date, Plaintiff has received in excess of one-hundred (100) calls from Defendant on his aforementioned cellular telephone number.

16. As described herein, Defendant employed business practices resulting in intentional harassment and abuse of the Plaintiff, and engaged in patterns of outrageous, abusive and harassing conduct by and through its agents and representatives in an effort to collect an alleged debt from Plaintiff that Plaintiff does not owe.

17. Despite Plaintiff demanding that Defendant stop placing calls to his aforementioned cellular telephone number, Defendant, in an effort to collect the above described alleged debt, proceeded to engage in conduct in violation of the TCPA, TDCA and KCPA as described herein.

18. Upon information and belief, the telephone calls at issue were placed by Defendant to Plaintiff's aforementioned cellular telephone number using an "automated telephone dialing system" as defined by the TCPA, 47 U.S.C. §227(a)(1), which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers; and/or which has the capacity to dial numbers from a list without human intervention (hereafter "ATDS" or "auto-dialer").

19. Defendant initiated each of the calls at issue to Plaintiff's aforementioned cellular telephone number without the "prior express consent" of Plaintiff as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

20. Alternatively, Defendant initiated the calls at issue to Plaintiff's aforementioned cellular telephone number subsequent to Plaintiff's revocation of any "prior express consent" Plaintiff may have previously provided to Defendant, or that Defendant mistakenly believed it had, as described herein.

21. Additionally, none of the telephone calls at issue were placed by Defendant to Plaintiff's aforementioned cellular telephone number for "emergency purposes" as specified by the TCPA, 47 U.S.C. §227(b)(1)(A).

22. Defendant consents of and has knowledge and control of the collection activities of its agents and representatives, including supervisors, managers, affiliates, subsidiaries, divisions, employees, servants, partners, agents, vendors, assignees, transferees, collectors and/or contractors with respect to the collection activities at issue, as further described herein.

23. Defendant has a corporate policy of initiating debt collection calls using an automatic telephone dialing system and/or a prerecorded or artificial voice message, just as it did when calling the Plaintiff's aforementioned cellular telephone number, as described herein.

24. Defendant willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

25. Despite actual knowledge of its wrongdoing, Defendant continued its campaign of harassment and abuse.

26. Defendant intentionally harassed and abused the Plaintiff on numerous occasions by calling several times per day, and on back to back days, with such frequency as can reasonably be expected to harass, even after Plaintiff repeatedly told Defendant's representatives to stop calling.

27. Defendant's corporate policy provided no means for the Plaintiff to have his number removed from the call list.

28. Defendant has a corporate policy to harass and abuse individuals despite actual knowledge that the called parties do not owe the alleged debts that are the subject of Defendant's collection calls.

29. Defendant followed its corporate policy when placing the calls at issue to Plaintiff's aforementioned cellular telephone number.

30. Defendant has been the recipient of numerous complaints from debtors, alleged debtors, and non-debtors across the country, similar to those alleged in this action by Plaintiff.

31. Defendant has, or should be in possession and/or control of call logs, account notes, auto dialer reports and/or other records that detail the exact number of calls made to Plaintiff over the relevant time period.

**COUNT I**

**VIOLATION OF THE TCPA AGAINST CREDIT MANAGEMENT**

32. Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs (1) through (30), as if fully set forth herein.

33. None of the calls at issue were placed by Defendant to Plaintiff's aforementioned cellular telephone number with the "prior express consent" or "prior express invitation or permission" of Plaintiff, as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

34. Alternatively, Defendant initiated the calls at issue to Plaintiff's aforementioned cellular telephone number subsequent to Plaintiff's revocation of any "prior express consent" Plaintiff may have previously provided to Defendant, or that Defendant mistakenly believed it had.

35. Additionally, none of the calls at issue were placed by Defendant Credit Management LP to Plaintiff's aforementioned cellular telephone number for "emergency purposes" as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

36. Defendant willfully and/or knowingly violated the TCPA with respect to Plaintiff by repeatedly placing non-emergency calls to Plaintiff's aforementioned cellular telephone number using an automated telephone dialing system and/or prerecorded or artificial voice message without Plaintiff's prior express consent, and after Plaintiff instructed Defendant to cease calling Plaintiff, as specifically prohibited by the TCPA, 47 U.S.C. §227(b)(1)(A)(iii).

37. The TCPA provides Plaintiff with a private right of action against Defendant Credit Management LP for its violations of the TCPA, as described herein, pursuant to 47 U.S.C.A. § 227(b)(3), and permits both injunctive relief in addition to statutory damages.

WHEREFORE, Plaintiff JOHN DEHN respectfully demands judgment against Defendant CREDIT MANAGEMENT for statutory damages, actual damages, costs, interest and for such other relief as this Court deems just and proper.

**COUNT II**

**VIOLATION OF THE TDCA AGAINST CREDIT MANAGEMENT**

38. Plaintiff re-alleges and incorporates by reference the allegations of paragraphs (1) through (30), as if fully set forth herein.

39. Plaintiff has been the object of collection activity by Defendant arising from an alleged consumer debt.

40. Defendant is a "debt collector" as defined by the TDCA.

41. Defendant engaged in an act or omission prohibited under TDCA §392.302 (2) by engaging in conduct in connection with the collection of a debt, the natural consequence of which is to oppress, harass or abuse Plaintiff by placing telephone calls without disclosing the name of the individual making the call and with the intent to annoy, harass, or threaten a person at the called number.

42. Defendant engaged in an act or omission prohibited under TDCA, Tex. Fin Code §392.302(4) by engaging in conduct in connection with the collection of a debt, the natural consequence of which is to oppress, harass or abuse Plaintiff by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number.

43. Defendant engaged in an act or omission prohibited under TDCA, Tex. Fin Code §392.304(8) by engaging in conduct that is fraudulent, deceptive or misleading by misrepresenting

the character, extent, or amount of a consumer debt, or misrepresenting the consumer debt's status in a judicial or governmental proceeding.

44. Defendant engaged in an act or omission prohibited under TDCA, Tex. Fin Code §392.304(19) by engaging in conduct that is fraudulent, deceptive or misleading by the use of any false representation or deceptive means to collect or attempt to collect a debt from Plaintiff or to obtain information concerning Plaintiff.

45. Defendant's acts and omissions as described herein have directly and proximately resulted in Plaintiff's prior and continuing sustaining of damages as described by TDCA, Tex. Fin Code §392.403, including, but not limited to: statutory damages, actual damages in the form of emotional pain and suffering, fear, worry, embarrassment, humiliation and loss of the capacity for the enjoyment of life, and attorneys' fees and costs.

WHEREFORE, Plaintiff JOHN DEHN respectfully demands judgment against Defendant CREDIT MANAGEMENT for statutory damages, actual damages, attorneys' fees, costs, interest and such other relief as this Court deems just and proper.

**COUNT III**

**VIOLATION OF THE KCPA AGAINST NCO**

46. Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs (1) through (30), as if fully set forth herein.

47. Plaintiff is a "consumer" as defined by K.S.A. 50-624(b).

48. Defendant is a "supplier" as defined by K.S.A. 50-624(l).

49. At all times relevant, Defendant was engaged in "consumer transactions" as "suppliers" as defined by K.S.A. 50-624(c).

50. K.S.A. 50-626 prohibits "suppliers" from using unfair or deceptive practices.

51. K.S.A. 50-627 prohibits "suppliers" from using unconscionable consumer sales acts or practices.

52. Defendant's debt collection actions as more fully described in the preceding paragraphs violate the KCPA.

53. Defendants violated K.S.A. § 50-627(a) by engaging in unconscionable acts in manners such as, but not limited to:

a. Violating § 50-627(b)(1) K.S.A. by taking advantage of the inability of Plaintiff to reasonably protect their interests because of physical infirmity, ignorance, illiteracy, inability to understand the language of an agreement or similar factor;

b. Violating K.S.A. § 50-627(b)(3) by engaging in a transaction where Plaintiff was unable to obtain a material benefit because Defendants sought to collect a debt that Plaintiff did not owe;

c. Violating K.S.A. § 50-627(b)(5) by inducing or attempting to induce Plaintiff to enter into an agreement that was excessively one sided in favor of Defendant because Plaintiff obtained no benefit from their payment to Defendant because Plaintiff did not owe the alleged debt;

d. Violating K.S.A. § 50-627(b)(6) by making misleading statements of opinion on which the Plaintiff was to rely on to Plaintiff's detriment, such as that Defendant was able to "settle" the alleged debt and that nonpayment of this alleged debt would result in adverse consequences to the Plaintiff.

54. Defendant's acts were reckless, willful, and intentional and/or were done with knowledge of their harmful effects towards Plaintiff and as such Defendant is subject to punitive damages.

55. Defendant's acts and omissions, when a duty to act was owed, constitute numerous and multiple violations of the KCPA, including every one of the above citied provisions and as such Plaintiff is entitled to damages.

56. Section 50-634, K.S.A., provides for a private right of action for "a consumer who is aggrieved by a violation of this act," statutory damages, civil penalties, and attorney's fees and costs.

WHEREFORE, Plaintiff respectfully demands judgment against Defendant Credit Management LP for statutory damages, actual damages, punitive damages, attorneys' fees, costs, interest and such other relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of all issues so triable.

Respectfully submitted,

**GAMMON LAW OFFICE, PLLC**

/s/ William B. Gammon
WILLIAM B. GAMMON
State Bar No. 07611280
GAMMON LAW OFFICE, PLLC
111 Congress Avenue, Suite 400
Austin, Texas 78701
Phone: (512) 444-4529
Fax: (888) 545-4279
Firm@GammonLawOffice.com

*and*

David P. Mitchell, Esq.
Florida Bar No. 067249
MANEY & GORDON, P.A.
101 East Kennedy Blvd., Suite 3170
Tampa, Florida 33602
Telephone: (813) 221-1366
Fax: (813) 223-5920

David@MitchellConsumerLaw.com
Counsel for Plaintiff
*Pro hac vice pending*